DELBELLO DONNELLAN WEINGARTEN
WISE & WIEDERKEHR, LLP
*Proposed Attorneys for the Debtor*
One North Lexington Avenue
White Plains, New York 10601
(914) 681-0200
Jonathan S. Pasternak, Esq.
Erica Feynman Aisner, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:                                                                    Chapter 11
                                                                                 Case No. 17-22445(RDD)
METRO NEWSPAPER ADVERTISING
SERVICES, INC.,

                                              Debtor.
-------------------------------------------------------------X

### DECLARATION PURSUANT TO LOCAL RULE 9077-1(a)

JONATHAN S. PASTERNAK, ESQ., hereby declares the following:

1. I am an attorney duly admitted to practice before this Court and the Courts of the State of New York.

2. I submit this Declaration pursuant to S.D.N.Y. LBR 9077-1(a) in further support of the Debtor's Application for entry of an emergency, interim order authorizing the Debtor to: enter (a) into a post-petition factoring agreement and security agreement, together with certain related documents with Versant Funding LLC ("Versant"); (b) sell certain accounts receivable to Versant pursuant to §§363(b) and (f) of Title 11 of the United States Code (the "Bankruptcy Code") and grant security interests and super priority claims to Versant pursuant to §§364(c) and (d) of the Bankruptcy Code; and (c) use cash collateral of Versant in connection with the Versant factoring arrangement pursuant to Section 363(c)(2) (the "Factoring Approval Motion").

3. It is necessary for the Debtor to proceed on shortened notice because the Debtor needs the immediate relief sought in the Factoring Approval Motion in order to avoid irreparable injury.

4. Versant is unwilling to continue to provide factoring to the Debtor and permit ancillary use of its cash collateral in the Chapter 11 case without entry of an order of the Court authorizing post-petition factoring and use of cash collateral. Without such continued factoring, etc. the Debtor will not be able to sustain operations during these critical initial stages of the Chapter 11 case.

5. Unless the Debtor is authorized to continuing its factoring arrangement with Versant it will be unable to pay imminent and necessary operating expenses including but not limited to wages, salaries, rent, utilities, and other expenses associated with running the Debtor's business, including payments to its newspaper/media vendors which is critical to preserving the operations and ongoing business concern value of the Debtor. These expenses, set forth more fully in the budget annexed to the Factoring Approval Motion, are the basic minimum critical expenses which the Debtor must fulfill in order to keep its doors open and were the Debtor required to comply with the applicable fourteen (14) and twenty-one (21) day notice requirements governing the Factoring Approval Motion, it would be unable to operate.

6. It is in all parties' best interests for the Debtor to timely meet its obligations and preserve the value of the Debtor's estate for the benefit of creditors.

**WHEREFORE**, your Deponent respectfully requests a hearing on the Factoring Approval Motion on shortened notice, together with such other and further relief as is proper.

Dated: White Plains, New York
March 27, 2017

*/s/ Jonathan S. Pasternak*
Jonathan S. Pasternak
DELBELLO DONNELLAN WEINGARTEN
WISE & WIEDERKEHR, LLP
*Proposed Attorneys for the Debtor*
One North Lexington Avenue
White Plains, New York 10601
(914) 681-0200