# Exhibit "B"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- X

In re:

METRO NEWSPAPER ADVERTISING SERVICES, INC.,    Chapter 11
                                               Case No. 17-22445 (RDD)


                         Debtor.

---------------------------------------------------------------------- X

### INTERIM ORDER (I) AUTHORIZING THE DEBTOR TO PAY AND HONOR CERTAIN PREPETITION CLAIMS FOR (A) WAGES, SALARIES, EMPLOYEE BENEFITS AND OTHER COMPENSATION, AND (B) WITHHOLDINGS AND DEDUCTIONS; AND (II) DIRECTING BANKS TO RECEIVE, PROCESS, HONOR AND PAYALL CHECKS PRESENTED FOR PAYMENT AND ELECTRONIC PAYMENT REQUESTS RELATING TO THE FOREGOING

**UPON** the motion of the debtor and debtor-in-possession herein (the "Debtor") for entry

of an order (I) authorizing the Debtor to pay and honor certain prepetition claims for (A) wages,

salaries, employee benefits and other compensation, and (B) withholdings and deductions, and

(II) directing banks to receive, process, honor and pay all checks presented for payment and

electronic payment requests relating to the foregoing, (the "Motion")[1]; and the Debtor having

sought interim approval of the Motion and the Court having scheduled a hearing on such request

on March 29, 2017 (the "Interim Hearing"); and there being due and sufficient notice of the

Motion's interim request for relief and the Interim Hearing; and upon the record of the Interim

Hearing; and there being no objections to the relief granted herein; and, after due deliberation

and for the reasons stated by the Court at the Interim Hearing, the Court having found and

concluded that (a) this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157(a)-(b)

and 1334(b), (b) the Motion is a core proceeding pursuant to 28 U.S.C. §157(b), and (c) the relief

granted herein is (i) supported by sound business reasons and in the best interests of the Debtor's

---

[1] Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Motion.

estate, its creditors, and other parties in interest after taking into account the priority scheme of

the Bankruptcy Code and (ii) necessary to avoid immediate and irreparable harm to the Debtor

and the estate; and sufficient cause therefor, it is hereby

**ORDERED** that the Motion is granted to the extent herein on an interim basis; and it is

further

**ORDERED** that the Debtor is authorized, but not directed, to honor, pay and modify the

Wages and Benefits to the extent of ordinary and customary wages, salary, commissions and

expense reimbursement only, and not including bonuses and deferred compensation, in

accordance with the Debtor's stated policies and prepetition practices, and in the ordinary course

of the Debtor's business as specifically set forth in the Motion provided, however, that the

Debtor may not pay any employee over the statutory cap of $12,475; and it is further

**ORDERED** that the Debtor is authorized, but not directed, to pay the prepetition wages

and compensation due to its employees substantially in accordance with schedules annexed to

the Motion as Exhibit "A"; and it is further

**ORDERED** that the Debtor is authorized to continue to allocate and distribute the

Deductions and the Payroll Taxes as specifically set forth in the Motion or as required by

applicable federal, state and local law, and directed to make such payments associated with the

Debtor's payment of its prepetition wages and compensation; and it is further

**ORDERED** that to the extent that checks are issued to Employees or other entities in

connection with the Wages and Benefits programs and policies, the banks upon which any

checks are drawn in payment thereof, either before, on or after the Filing Date, be, and hereby

are, authorized to honor such checks upon presentation; and it is further

2

**ORDERED** that all applicable banks and other financial institutions are hereby authorized to receive, process, honor, and pay any and all checks evidencing amounts paid by Debtor under this Order whether presented prior to or after the Filing Date. Such banks and financial institutions are authorized and directed to rely on the Debtor's representations as to which checks are issued or authorized to be paid pursuant to this Order; and it is further

**ORDERED** that any payment or transfer made or service rendered by the Debtor pursuant to this Order is not, and shall not be deemed, an admission as to the validity of the underlying obligation, a waiver of any rights the Debtor may have to dispute such obligation or an approval or assumption of any agreement, contract, or lease under § 365 of the Bankruptcy Code; and it is further

**ORDERED** that the Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

**ORDERED** that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

**ORDERED**, that a final hearing on the Motion is scheduled before The Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601 on _____, **2017 at 10:00 a.m.**, and the Debtor shall file and serve a notice of such hearing on or before _____, **2017**.

Dated: White Plains, New York
      March __, 2017

                                _____
                                HONORABLE SEAN H. LANE
                                UNITED STATES BANKRUPTCY JUDGE