UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

In re:                                              Chapter 11
                                                    Case No. 17-22445(RDD)

METRO NEWSPAPER ADVERTISING
SERVICES, INC.

                                        Debtor.

-----------------------------------------------------------------------X

### INTERIM ORDER AUTHORIZING DEBTOR (i) TO SELL CERTAIN ACCOUNTS RECEIVABLE ON AN INTERIM BASIS PURSUANT TO 11 U.S.C. SECTIONS 363(b) AND (f), (ii) TO GRANT SECURITY INTERESTS AND CLAIMS PURSUANT TO 11 U.S.C. SECTIONS 364(c) AND (d), AND (iii) TO USE VERSANT'S CASH COLLATERAL PURSUANT TO 11 U.S.C. SECTION 363(c)(2)

This matter having come on to be heard on the motion (the "Motion") of Metro Newspaper Advertising Services, Inc. (the "Debtor") pursuant to sections 363(b) and (f), and 364(c)(1) and (2) and (d) of Title 11 of the United States Code (the "Code") and Rules 4001, 6004, 9006(c) and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order: (i) authorizing the Debtor to sell certain accounts receivable to Versant Funding LLC ("Versant"); (ii) authorizing the Debtor to enter into the post petition factoring agreement (the "Post Petition Factoring Agreement"), a post petition security agreement and one or more post petition purchase and sale agreements annexed to the Motion as Exhibit "B" (the Post Petition Factoring Agreement, the post petition security agreement and the post petition purchase and sale agreements are sometimes collectively referred to as the "Post Petition Factoring Arrangement") and to seek other accommodations from Versant, and granting Versant super priority claims, liens on and security interests in property of the estate to secure payment of certain purchased accounts receivable and financial accommodations; (iii) fixing interim and final hearing dates and establishing notice procedures; and the court having considered the Motion at a preliminary hearing held on March

29, 2017; and upon consideration of the Motion, any opposition thereto and the record taken at the interim hearing; it is hereby

ORDERED, THAT:

1. *Nunc pro tunc* as of March 27, 2017, the Petition Date, the Debtor shall be, and hereby is, authorized to sell accounts receivable to Versant, pursuant to section 363(b) of the Code, on an interim basis, up to the Final Hearing (as defined below) having a face value of no greater than $6,000,000.00 (the "Interim Sales").

2. All accounts receivable sold or otherwise transferred from the Debtor to Versant in connection with the Interim Sales shall be sold pursuant to and in accordance with the terms of the Post Petition Factoring Arrangement, shall be the sole property of Versant, and shall be transferred free and clear of all liens, claims and encumbrances, pursuant to section 363(f) of the Code.

3. All obligations (as defined in the Post Petition Factoring Agreement and related documents) incurred in connection with the Post Petition Factoring Arrangement shall hereinafter be referred to as the "Obligations". To secure the Obligations, Versant is hereby granted, pursuant to sections 364(c) and (d)(1) and (2) of the Code: a valid, perfected and enforceable first priority security interest in and lien on all of the Debtor's pre-petition and post-petition assets and property of the Debtor's estate, of any kind or nature whatsoever, and all proceeds, rents, products or profits thereof, with the exception of: (a) Court fees and statutory fees that may be owing to the Office of the United States Trustee pursuant to 28 U.S.C. Section 1930 and any interest accrued thereon pursuant to 31 U.S.C. Section 3717; (b) proceeds from recoveries under Sections 542 through 553 of the Bankruptcy Code; (c) the fees of a hypothetical Chapter 7 trustee to the extent of $10,000; or (d) any assets of the Debtor which may be subject to a purchase money security interest (collectively the "Collateral"), which liens and security interests shall at all times be senior to the rights of the Debtor or any successor trustee in this or any subsequent proceeding under the Code.

4. In consideration of the accommodations made available pursuant to this Order, pending the final hearing on the Motion, the Debtor irrevocably waives any right, without Versant's prior

written consent, to grant or impose, or request that any court grant or impose, under section 364 of the Code or otherwise: (i) liens or security interests on any property which are superior or equal to Versant's liens against and security interests in that property; and (ii) to seek authority to use cash collateral as defined in section 363 of the Code.

5.    The automatic stay provisions of section 362(a) of the Code are hereby modified to the extent necessary to permit Versant: (i) to receive payment directly from the party responsible for making payment against an invoice that has been sold to Versant (regardless of whether the invoice was sold before or after the date that the Debtor commenced its Chapter 11 case); (ii) to file any financing statements or other instruments and documents, if any, evidencing its security interests in and liens on the Collateral; (iii) to charge any fees accruing under the Post Petition Factoring Arrangement to the Obligations (regardless of whether such fees are derived from invoices that were sold before or after the date the debtor commenced its Chapter 11 case); and (iv) to take any or all of the actions permitted by the Post Petition Factoring Arrangement in the event of a default or termination under the Post Petition Factoring Arrangement including, without limitation, all rights and remedies of a secured creditor.  Subject to entry of a final order but in accordance with Sections 363(m) and 364(e) of the Code, no party in interest shall have the right to contest the enforcement of this Paragraph based on any assertion that Versant's interest in the Collateral is adequately protected, and no interested party shall have the right to seek injunctive relief against enforcement of, or in conflict with, the provisions of this order or the Post Petition Factoring Arrangement.

6.  Pursuant to Section 364(c) of the Code, in addition to the liens granted to Versant herein and pursuant to the Post Petition Factoring Arrangement, the Obligations of the Debtor to Versant that are incurred in connection with the Interim Sales made to Versant pursuant to this

3

order shall constitute an administrative expense equivalent in priority to a claim under section

364(c)(1) of the Code, with priority over, other than Court fees and the fees of the United States

Trustee under 28 U.S.C. Section 1930 and any interest accrued thereon pursuant to 31 U.S.C.

Section 3717, the fees of a hypothetical Chapter 7 trustee to the extent of $10,000 and proceeds

from recoveries under Sections 542 through 553 of the Bankruptcy Code, all other costs and

expenses of administration of the kinds specified in, or ordered pursuant to, sections 105, 326,

330, 331, 503(b), 507(a) or 507(b) (but not section 726) of the Code, and shall at all times be

senior to the rights of the Debtor and to the rights of any person claiming a lien or security

interest in any assets of the Debtor.  No costs or expenses of administration that have been or

may be incurred in this case, and no priority claims are or will be prior to or on a parity with any

claim of Versant against the Debtor arising out of advances made by Versant to the Debtor in

connection with the Interim Sales, and, upon entry of a final order, no costs or expenses of

administration shall be imposed against Versant, its claims, or the Collateral pursuant to section

506(c) of the Code or otherwise.

7. Versant is authorized and directed to collect outstanding accounts which have been

sold: (a) before the date the Debtor filed its Chapter 11 petition; (b) on an emergency basis; or (c)

on an interim basis, which shall become the sole and exclusive property of Versant.

8.  Fees and expenses incurred by Versant in connection with the Post Petition Factoring

Arrangement, including reasonable legal fees and expenses incurred in connection with the

preparation and approval of this Order and such further orders as may be entered in connection

therewith, shall be charged and paid as provided in the Post Petition Factoring Arrangement. In

the event that Versant seeks payment of its legal fees and expenses, Versant shall provide its

attorney's invoices to counsel to the Debtor, the U.S. Trustee and counsel for any Creditors'

Committee.  Such invoices shall be paid without further Court order unless the U.S. Trustee or

any Creditors' Committee objects by no later than ten (10) days after service of the invoice.  In

the event of an objection, the Debtor shall promptly pay all amounts that are not the subject of

the objection.  Any hearing on an objection shall be limited to the reasonableness of the fees and

expenses which are the subject of such objection.

9.  Versant shall be, and hereby is, authorized to withhold all costs and expenses

(including, without limitation, all filing and recording fees and attorneys' fees and expenses)

incurred by Versant in connection with: (i) the Post Petition Factoring Arrangement and the

Motion seeking approval thereof; (ii) the preservation and protection of Versant's rights

hereunder and in connection with pre-petition obligations, if any; (iii) the defense of any claim or

action asserted or brought against Versant by any person that arises from or relates to the Post

Petition Factoring Arrangement or any and all matters in connection therewith; (iv) the

commencement or defense of, or intervention in any court proceeding in this chapter 11 case or

any subsequent proceeding under the Code; (v) the filing of any petition, complaint, answer,

motion or other pleading, or taking of any other action in or with respect to the Collateral; (vi)

the protection, collection, lease, sale, taking possession of, liquidation or other disposition of any

of the Collateral or Versant's interest therein; or (vii) any attempt to enforce any lien on or

security interest in any of the Collateral from advances against accounts receivable.  These costs

and expenses shall be added to the Obligations.

10.  The Debtor is hereby authorized to use proceeds of the sale of its accounts to Versant

under the Post Petition Factoring Arrangement, which proceeds are a part of the Collateral and

constitute cash collateral pursuant to Section 363(c)(2) of the Code and are subject to pre-petition

liens, claims and security interests of Versant in the continuing validity and order of priority as

existed as of the Petition Date (as defined in the Motion), in accordance with the Budget (as defined in the Motion), subject to a 10% variance or further consent of Versant or further order of the Bankruptcy Court.

11.    In addition to the existing rights and interests of Versant in the Collateral and for the purpose of adequately protecting it from Collateral Diminution,[1] Versant is hereby granted replacement liens ("Replacement Liens"), to the extent that said liens were valid, perfected and enforceable as of the Petition Date in the continuing order of priority of its pre-petition liens without determination herein as to the nature, extent and validity of said pre-petition liens and claims and to the extent Collateral Diminution occurs during the Chapter 11 case, subject to: (i) United States Trustee fees pursuant to 28 U.S.C. Section 1930 and 31 U.S.C. Section 3717 and any Clerk's filing fees; (ii) the fees and commissions of a hypothetical Chapter 7 trustee in an amount not to exceed $10,000. In addition, the Replacement Liens granted hereby shall not attach to the proceeds of any recoveries of estate causes of action under Sections 542 through 553 of the Code.

12.    Versant shall not be required to file financing statements, mortgages, or other documents in any jurisdiction or take any other action in order to validate or perfect the security interests and liens granted to it by this order or by the Post Petition Factoring Arrangement.  If Versant shall, in its sole discretion, choose to file financing statements, mortgages or other documents, or otherwise confirm perfection of such security interests and lien, Versant is authorized to effect such filing and recordation, and all such financing statements, mortgages, or

---

[1]    For purposes of this Order, "Collateral Diminution" shall mean any diminution in value of Versant's interests in the Debtor's assets as of the Filing Date by reason of Debtor's use of Cash Collateral in accordance with this Order.

similar documents shall be deemed to have been filed or recorded at the time and on the date of entry of this order.  The costs of such filings and recordation shall be added to the Obligations.

13.  To evidence the obligations of the Debtor to Versant, the creation of the security interests and liens and all terms and provisions evidencing the Post Petition Factoring Arrangement between the Debtor and Versant, the Debtor is authorized and directed to execute and deliver to Versant, in addition to the agreements evidencing the Post Petition Factoring Arrangement, all such financing statements, notices, schedules, agreements, instruments, guarantees and all other documents as may be necessary or required to evidence its obligations to Versant, to consummate the terms and provisions of this Order, the Post-Petition Factoring Arrangement, and to evidence the perfection of the liens and security interests to be given to Versant pursuant hereto and thereto, including, without limitation, any other documents Versant may request to be executed in connection with the Post Petition Factoring Arrangement.

14.  The provisions of this Order shall be binding upon and inure to the benefit of Versant, the Debtor and their respective successors and assigns, including any trustee hereinafter appointed as a representative of the Debtor's estate in this or in any subsequent proceeding under the Code.

15.  The Debtor shall not seek to modify, vacate, or amend this Order. If any or all of the provisions of this Order are hereafter modified, vacated, or stayed by subsequent order of this or any other court, such stay, modification, or vacatur shall not affect the validity of any Obligation to Versant incurred pursuant to this Order prior to the effective date of such stay, modification, or vacatur, or the validity and enforceability of any lien or priority authorized hereby with respect to any such Obligation to Versant. Notwithstanding any such stay, modification, or vacatur, any advances made pursuant to this Order by Versant prior to the effective date of that modification, stay, or vacatur, to or for the benefit of the Debtor, shall be governed in all respects by the provisions of this Order and the Post-Petition Factoring Arrangement, and Versant shall be entitled

to all rights, privileges and benefits, including, without limitation the security interests and priorities granted herein, with respect to all such purchases of accounts receivable.

16.   The Court has considered and determined the matters addressed herein pursuant to its power under Sections 363(b) and (f) and 364(c) and (d) of the Code to authorize the Debtor to obtain funds on the terms agreed to by and between the Debtor and Versant, and thus, each of such terms and conditions, as part of an authorization under such section, is subject to the protection contained in section 364(e) of the Code.

17.   Notwithstanding anything to the contrary in this Order, the Debtor's authority to use the Collateral pursuant to this Order shall terminate immediately and automatically, (a) upon the fifth (5th) business day following the delivery of written notice to the Debtor, its bankruptcy counsel, counsel to any official committee of unsecured creditors or, if no committee has been appointed, then to the Debtor's 20 largest unsecured creditors, and the Office of the United States Trustee, by Versant of any breach or default by the Debtor of the terms and provision of this Order, unless the Debtor shall have cured such breach or default within such five (5) business day period, or (b) without notice of any kind upon the entry of an order of the Court providing for the dismissal or conversion of the Chapter 11 case to a Chapter 7 case or appointment of a trustee without the written consent of Versant.

18.   The provisions of this Order shall remain in full force and effect unless modified or vacated by subsequent order of this Court with the consent of Versant and the Debtor.  If any or all of the provisions of this Order are hereafter modified, vacated, or stayed by subsequent order of this Court or any other court, such stay, modification or vacatur shall not affect the validity and enforceability of any lien, priority or benefit with respect to any indebtedness of the Debtor to Versant.

19.   The findings contained in this Order are binding upon the Debtor and all parties in interest (including but not limited to any statutory committee appointed in the Chapter 11 case), and any application of Collateral under this Order shall be indefeasible, unless (a) an adversary

proceeding or contested matter challenging the validity, enforceability or priority of the Collateral, the prepetition obligations to Versant (the "Prepetition Obligations"), the Replacement Liens, or the liens securing the Prepetition Obligations (the "Prepetition Liens") is properly commenced no later than sixty (60) days from the entry of a final order plus such additional time as the Court, for cause shown, authorizes, and (b) a final order is entered in favor of the plaintiff or movant in any such timely and properly filed adversary proceeding or contested matter. If no such adversary proceeding or contested matter is properly commenced as of such date, the Collateral and the Prepetition Obligations shall constitute allowed claims for all purposes in the Chapter 11 case and any subsequent Chapter 7 case, the Replacement Liens and the Prepetition Liens shall be deemed legal, valid, binding, perfected, and the Collateral, the Prepetition Obligations, the Replacement Liens, and the Prepetition Liens shall not be subject to avoidance or any other similar challenge by any party in interest seeking to exercise the rights of the Debtor's estate, including, without limitation, and successor(s) thereto. If any such proceeding or contested matter is properly commenced, the Bankruptcy Court shall determine the validity, enforceability, and priority of the Collateral, the Prepetition Obligations, the Replacement Liens and the Prepetition Liens, but only with respect to and to the extent of the objections raised in such adversary proceeding or contested matter, and all other matters and objections not raised in such adversary proceeding or contested matter shall be deemed forever waived.

20.  This Order shall be binding upon any subsequently appointed or elected trustee in a successor case under Chapter 7 of the Code.

21.  The Bankruptcy Court shall retain jurisdiction with respect to all matters pertaining to this Order.

22.  A final hearing (the "Final Hearing") on the Motion shall be heard before the Honorable Robert D. Drain, at the United States Bankruptcy Court, 300 Quarropas Street, Courtroom 118, white Plains, New York 10601 on April 28, 2017 at 10:00 a.m., or as soon thereafter as counsel may be heard. Debtor's counsel shall serve a copy of this Order upon all

parties required under Bankruptcy Rule 4001(b) and (c) no later than three (3) business days after entry of this Order. Objections to the final relief requested in the Motion shall be made in writing, filed with the Bankruptcy Court at the Court's website www.nysb.uscourts.gov (log in and password required), with a copy delivered directly to the chambers of the Honorable Sean H. Lane, and served upon DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, One N. Lexington Avenue, White Plains, New York 10601, attn: Jonathan S. Pasternak, Esq., so as to be received no later than April 21, 2017 at 4:00 p.m.

Dated:  New York, New York
        March 30, 2017

                    */s/ Sean H. Lane*
                    HONORABLE SEAN H. LANE
                    UNITED STATES BANKRUPTCY JUDGE