UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
In re:                                                                                    Chapter 11
                                                                                                Case No. 17-22445(RDD)

METRO NEWSPAPER ADVERTISING
SERVICES, INC.

                                                           Debtor.

-----------------------------------------------------------------------X

**FINAL ORDER AUTHORIZING DEBTOR (i) TO SELL CERTAIN ACCOUNTS RECEIVABLE PURSUANT TO 11 U.S.C. §§ 363(b) AND (f), (ii) TO GRANT SECURITY INTERESTS AND CLAIMS PURSUANT TO 11 U.S.C. §§ 364(c) AND (d), AND (iii) TO USE VERSANT'S CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363(c)(2)**

Upon the motion (the "Motion") of Metro Newspaper Advertising Services, Inc., the debtor and debtor in possession herein (the "Debtor") pursuant to sections 363(b) and (f), and 364(c)(1) and (2) and (d) of Title 11 of the United States Code (the "Code") and Rules 4001, 6004, 9006(c) and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order (i) authorizing the Debtor to sell certain accounts receivable to Versant Funding LLC ("Versant"), (ii) authorizing the Debtor to enter into the postpetition factoring agreement (the "Post Petition Factoring Agreement"), a postpetition security agreement and one or more postpetition purchase and sale agreements annexed to the Motion as Exhibit "B" (the Post Petition Factoring Agreement, the postpetition security agreement and the postpetition purchase and sale agreements are sometimes collectively referred to as the "Post Petition Factoring Arrangement") and to seek other accommodations from Versant, and (iii) granting Versant super priority claims, liens on and security interests in property of the estate to secure payment of certain purchased accounts receivable and financial accommodations, and (iv) fixing interim and final hearing dates and establishing notice procedures; and the Court having considered the Motion at a preliminary hearing held on March 29, 2017; and upon due

1

17-22445-rdd    Doc 77    Filed 07/17/17    Entered 07/17/17 16:54:45    Main Document
Pg 2 of 11


deliberation thereon the Court having granted the Motion on an interim basis, entered an interim order on March 30, 2017 and scheduled a further interim hearing on the Motion for April 28, 2017; and upon due deliberation thereon the Court having granted the Motion on a further interim basis, entered a second interim order on May 1, 2017 and scheduled a final hearing on the Motion for July 7, 2017; and a final hearing having been held before the Court on July 7, 2017; and upon the record of that hearing and all of the proceedings in this case; and there being no objections to the Motion after due and sufficient notice thereof; and, after due deliberation, it appearing that final relief on the Motion as set forth herein is necessary and appropriate in accordance with the terms and provisions of this Order, it is hereby

ORDERED, THAT:

1.      *Nunc pro tunc* as of March 27, 2017, the Petition Date, the Debtor is authorized on a final basis to sell accounts receivable under the Post Petition Factoring Arrangment to Versant, pursuant to § 363(b) of the Code, having a face value of no greater than $6,000,000.00 (the "Sales").

2.      All accounts receivable sold or otherwise transferred from the Debtor to Versant in connection with the Sales shall be sold pursuant to and in accordance with the terms of the Post Petition Factoring Arrangement, shall be the sole property of Versant, and shall be transferred free and clear of all liens, claims and encumbrances, pursuant to § 363(f) of the Code.

3.      All obligations (as defined in the Post Petition Factoring Agreement and related documents) incurred in connection with the Post Petition Factoring Arrangement shall hereinafter be referred to as the "Obligations". To secure the Obligations, Versant is granted, pursuant to §§ 364(c) and (d)(1) and (2) of the Code, a valid, perfected and enforceable first priority security interest in and lien on all of the Debtor's prepetition and postpetition assets and property of the Debtor's estate, of any kind or nature whatsoever, and all proceeds, rents, products or profits thereof, <u>with the exception of</u> (a) funds sufficient to pay Court fees and statutory fees that may be owing to the Office of the United States Trustee pursuant to 28 U.S.C.

§ 1930 and any interest accrued thereon pursuant to 31 U.S.C. § 3717, (b) any claims or causes of action pursuant to §§ 502(d), 542, 544, 545, 547, 548, 549, 550, 551 or 553 of the Code (each, an "Avoidance Action") and any proceeds or property recovered in connection with the prosecution or settlement of any Avoidance Action, (c) funds sufficient to pay the fees of a hypothetical Chapter 7 trustee to the extent of $20,000, and (d) any assets of the Debtor or its estate which may be subject to a purchase money security interest (collectively the "Collateral"), which liens and security interests shall at all times be senior to the rights of the Debtor or any successor trustee in this or any subsequent case under the Code.

4.  In consideration of the accommodations made available pursuant to this Order, the Debtor irrevocably waives any right, without Versant's prior written consent, to grant or impose, or request that any court to grant or impose, under § 364 of the Code or otherwise, (i) liens or security interests on any property which are superior or equal to Versant's liens hereunder against and security interests in that property, and (ii) to seek authority to use Versant's cash collateral as defined in §363 of the Code.

5.  The automatic stay provisions of § 362(a) of the Code are hereby modified to the extent necessary to permit Versant (i) to receive payment directly from the party responsible for making payment against an invoice that has been sold to Versant (regardless of whether the invoice was sold before or after the date that the Debtor commenced its Chapter 11 case), (ii) to file any financing statements or other instruments and documents, if any, evidencing its postpetition security interests in and liens on the Collateral, (iii) to charge any reasonable fees accruing under the Post Petition Factoring Arrangement to the Obligations (regardless of whether such fees are derived from invoices that were sold before or after the date the debtor commenced its Chapter 11 case), and (iv) to take any or all of the actions permitted by the Post Petition Factoring Arrangement in the event of a default or termination under the Post Petition Factoring Arrangement, including, without limitation, all rights and remedies of a secured creditor.  In

accordance with §§ 363(m) and 364(e) of the Code, no party in interest shall have the right to contest the enforcement of this Paragraph based on any assertion that Versant's interest in the Collateral is adequately protected.

6. Pursuant to § 364(c) of the Code, in addition to the liens granted to Versant herein and pursuant to the Post Petition Factoring Arrangement, the Obligations of the Debtor to Versant that are incurred in connection with the Sales made to Versant pursuant to this Order shall constitute an administrative expense equivalent in priority to a claim under § 364(c)(1) of the Code, with priority over all costs and expenses of administration of the kinds specified in, or ordered pursuant to, §§ 105, 326, 330, 331, 503(b), 507(a) or 507(b) (but not § 726) of the Code, with the exception of (a) Court fees and the fees of the United States Trustee under 28 U.S.C. § 1930 and any interest accrued thereon pursuant to 31 U.S.C. § 3717, (b) the fees of a hypothetical Chapter 7 trustee to the extent of $20,000, (c) any assets of the Debtor which may be subject to a purchase money security interest, and (d) amounts payable with respect to Avoidance Actions and any proceeds or property recovered in connection with the prosecution or settlement of any Avoidance Action, and shall at all times be senior to the rights of the Debtor and to the rights of any person claiming a lien or security interest in any assets of the Debtor other than as set forth above.

7. Versant is authorized and directed to collect outstanding accounts which have been sold (a) before the date the Debtor filed its Chapter 11 petition, or (b) on an interim or final basis as approved by orders of this Court, which shall become the sole and exclusive property of Versant.

8. Reasonable fees and expenses incurred by Versant in connection with the Post Petition Factoring Arrangement, including reasonable legal fees and reasonable and necessary expenses

4

incurred in connection with the preparation and approval of this Order and such further orders as may be entered in connection therewith, shall be charged and paid as provided in the Post Petition Factoring Arrangement. In the event that Versant seeks payment of its legal fees and expenses, Versant shall provide its attorney's invoices to counsel to the Debtor, the U.S. Trustee and counsel for the Official Committee of Unsecured Creditors (the "Creditors' Committee").  Such invoices shall be paid without further Court order unless the U.S. Trustee or the Creditors' Committee objects by no later than ten (10) business days after service of the invoice.  In the event of an objection, the Debtor shall promptly pay all amounts that are not the subject of the objection.  Any hearing on an objection shall be limited to the reasonableness of the fees and expenses which are the subject of such objection.

    9. Versant is authorized to withhold all reasonable costs and expenses (including, without limitation, all filing and recording fees and attorneys' fees and expenses) incurred by Versant in connection with (i) the Post Petition Factoring Arrangement and the Motion seeking approval thereof, (ii) the preservation and protection of Versant's rights hereunder and in connection with prepetition obligations with respect to sold accounts, if any, (iii) the defense of any claim or action asserted or brought against Versant by any person that arises from or relates to the Post Petition Factoring Arrangement or any and all matters in connection therewith; (iv) the commencement or defense of, or intervention in any court proceeding in this Chapter 11 case or any subsequent proceeding under the Code related thereto, (v) the filing of any petition, complaint, answer, motion or other pleading, or taking of any other action in or with respect thereto, (vi) the protection, collection, lease, sale, taking possession of, liquidation or other disposition of any of the postpetition Collateral or Versant's interest therein, or (vii) any attempt to enforce any lien on or security interest in any of the postpetition Collateral from advances

5

against accounts receivable. These costs and expenses shall be added to the Obligations; provided, that Versant shall first provide supporting documentation of all such costs and expenses, including but not limited to receipts and invoices for such fees and expenses, to counsel to the Debtor, counsel to the Creditors' Committee and the United Sates Trustee, each of whom shall have ten (10) business days from receipt thereof to review and object to any such fees or expenses. In the event of an objection, Versant and the objecting party shall confer with one another in an attempt to reach agreement regarding the fees or expenses under objection. If agreement cannot be reached between the parties, the matter shall promptly be submitted to this Court in the form of a written objection setting forth the nature of the objection and the amount at issue. This Court will thereafter consider and rule on the objection.

10. The Debtor is authorized to use proceeds of the sale of its accounts to Versant under the Post Petition Factoring Arrangement, which proceeds are a part of the Collateral and constitute cash collateral pursuant to § 363(c)(2) of the Code and are subject to prepetition liens, claims and security interests of Versant in the continuing validity and order of priority as existed as of the Petition Date (as defined in the Motion), in accordance with the Budget (as defined in the Motion), subject to a 10% variance or further consent of Versant or further order of this Court.

11. In addition to the existing rights and interests of Versant in the Collateral and for the purpose of adequately protecting it from Collateral Diminution,[1] Versant is granted replacement liens ("Replacement Liens"), to the extent that said prepetition liens were valid, perfected and enforceable as of the Petition Date in the continuing order of priority of its pre-

---

[1] For purposes of this Order, "Collateral Diminution" shall mean actual diminution in the value of the Collateral from and after the Petition Date by reason of Debtor's use of Cash Collateral in accordance with this Order.

6

petition liens, without determination herein as to the nature, extent and validity of such pre-petition liens and claims and to the extent Collateral Diminution occurs during the Chapter 11 case, subject and subordinate to or excluding, as the case may be, (i) United States Trustee fees pursuant to 28 U.S.C. § 1930 and 31 U.S.C. § 3717 and any Clerk's filing fees, (ii) the fees and commissions of a hypothetical Chapter 7 trustee in an amount not to exceed $10,000, and (iii) any assets of the Debtor which may be subject to a purchase money security interest. In addition, the Replacement Liens granted hereby shall not attach to any Avoidance Actions or any proceeds or property recovered in connection with the prosecution or settlement of any Avoidance Action.

12. Versant shall not be required to file financing statements, mortgages, or other documents in any jurisdiction or take any other action in order to validate or perfect the security interests and liens granted to it by this Order or by the Post Petition Factoring Arrangement. If Versant shall, in its sole discretion, choose to file financing statements, mortgages or other documents, or otherwise confirm perfection of such security interests and lien, Versant is authorized to effect such filing and recordation, and all such financing statements, mortgages, or similar documents shall be deemed to have been filed or recorded at the time and on the date of entry of this Order. The reasonable and necessary costs of such filings and recordation shall be added to the Obligations.

13. To evidence the obligations of the Debtor to Versant, the creation of the security interests and liens and all terms and provisions evidencing the Post Petition Factoring Arrangement between the Debtor and Versant, the Debtor is authorized and directed to execute and deliver to Versant, in addition to the agreements evidencing the Post Petition Factoring Arrangement, all such financing statements, notices, schedules, agreements, instruments,

7

guarantees and all other documents as may be necessary or required to evidence its obligations to Versant, to consummate the terms and provisions of this Order, the Post-Petition Factoring Arrangement, and to evidence the perfection of the liens and security interests given to Versant pursuant hereto and thereto, including, without limitation, any other documents Versant may reasonably request be executed in connection with the Post Petition Factoring Arrangement.

14. The provisions of this Order shall be binding upon and inure to the benefit of Versant, the Debtor and their respective successors and assigns, including any trustee hereinafter appointed as a representative of the Debtor's estate in this or in any subsequent proceeding under the Code.

15. The Debtor shall not seek to modify, vacate, or amend this Order. If any or all of the provisions of this Order are hereafter modified, vacated, or stayed by subsequent order of this or any other court, such stay, modification, or vacatur shall not affect the validity of any Obligation to Versant incurred pursuant to this Order prior to the effective date of such stay, modification, or vacatur, or the validity and enforceability of any lien or priority authorized hereby with respect to any such Obligation to Versant. Notwithstanding any such stay, modification, or vacatur, any advances made pursuant to this Order by Versant prior to the effective date of that modification, stay, or vacatur, to or for the benefit of the Debtor, shall be governed in all respects by the provisions of this Order and the Post-Petition Factoring Arrangement, and Versant shall be entitled to all rights, privileges and benefits, including, without limitation the security interests and priorities granted herein, with respect to all such purchases of accounts receivable.

16. The Court has considered and determined the matters addressed herein pursuant to its power under §§ 363(b) and (f) and 364(c) and (d) of the Code to authorize the Debtor to obtain funds on the terms agreed to by and between the Debtor and Versant, and thus, each of such

8

terms and conditions, as part of an authorization under such section, is subject to the protection contained in § 364(e) of the Code.

17. Notwithstanding anything to the contrary in this Order, the Debtor's authority to use the Collateral pursuant to this Order shall terminate immediately and automatically, (a) upon the fifth (5th) business day following the delivery of written notice to the Debtor, its bankruptcy counsel, counsel to the Creditors' Committee, and the Office of the United States Trustee, by Versant of any breach or default by the Debtor of the terms and provision of this Order (the "Notice Period"), unless (i) the Debtor shall have cured such breach or default within such Notice Period or (ii) the Debtor, the Creditors' Committee or the Office of the United States Trustee shall have filed a motion on an expedited basis within such Notice Period to continue the use of the Collateral and/or to maintain the automatic stay, (b) without notice of any kind upon the entry of an order of the Court providing for the dismissal or conversion of the Chapter 11 case to a Chapter 7 case or appointment of a trustee without the written consent of Versant.

18. The provisions of this Order shall remain in full force and effect unless modified or vacated by subsequent order of this Court with the consent of Versant and the Debtor. If any or all of the provisions of this Order are hereafter modified, vacated, or stayed by subsequent order of this Court or any other court, such stay, modification or vacatur shall not affect the validity and enforceability of any lien, priority or benefit with respect to any indebtedness of the Debtor to Versant.

19. The findings contained in this Order are binding upon the Debtor and all parties in interest (including but not limited to the Creditors' Committee), and any application of Collateral under this Order shall be indefeasible, unless (a) an adversary proceeding or contested matter (a "Challenge") challenging the validity, enforceability or priority of the Collateral, the prepetition obligations to Versant (the "Prepetition Obligations"), the Replacement Liens, or the liens securing the Prepetition Obligations (the "Prepetition Liens") is properly commenced no later than seventy five (75) days from the entry of this Order plus such additional time as the Court,

9

for cause shown, authorizes (the "Challenge Period"), and (b) a final order is entered in favor of the plaintiff or movant in any such timely and properly filed Challenge. If no such Challenge is properly commenced as of the expiration of the Challenge Period, the Collateral and the Prepetition Obligations shall constitute allowed claims for all purposes in the Chapter 11 case and any subsequent Chapter 7 case, the Replacement Liens and the Prepetition Liens shall be deemed legal, valid, binding, and perfected, and the Collateral, the Prepetition Obligations, the Replacement Liens, and the Prepetition Liens shall not be subject to avoidance or any other similar challenge by any party in interest seeking to exercise the rights of the Debtor's estate, including, without limitation, any successor(s) thereto. If any such Challenge is properly commenced, this Court shall determine the validity, enforceability, and priority of the Collateral, the Prepetition Obligations, the Replacement Liens and the Prepetition Liens, but only with respect to and to the extent of the objections raised in such Challenge, and all other matters and objections not raised in such Challenge shall be deemed forever waived. The Creditors' Committee is hereby deemed to have automatic standing to assert a Challenge. For the avoidance of doubt, in the event this Chapter 11 case is converted to a case under Chapter 7 of the Code or a Chapter 11 trustee is appointed before the expiration of the Challenge Period, the Challenge Period shall not expire until 60 days after the trustee's appointment. In the event the Creditors' Committee or any other party in interest has commenced a Challenge prior to the conversion to Chapter 7 or the appointment of a Chapter 11 trustee, the trustee shall be entitled to assume the prosecution of any pending Challenge. In either event, until the later of the expiration of the Challenge Period without commencement of a Challenge or the entry of a final, non-appealable order or judgment on account of any Challenge, the trustee shall not be bound by the Debtor's acknowledgments, admissions, confirmations, stipulations and waivers in this Order.

20. This Order shall be binding upon any subsequently appointed or elected trustee in a successor case under Chapter 7 of the Code.

21. This Court shall retain jurisdiction with respect to all matters pertaining to this Order.

Dated: White Plains, New York
July 17, 2017

       /s/Robert D. Drain
       HON. ROBERT D. DRAIN
       UNITED STATES BANKRUPTCY JUDGE